UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 7:19-CR-05-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| RICHARD L. STARGHILL, II, aka Richard Starghill | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Starghill's motion to dismiss. (DE 91.) Defendant asks the Court to dismiss the second superseding indictment with prejudice. For the reasons stated below, Defendants motion (DE 91) is **DENIED**.

## I. BACKGROUND

Defendant is charged with possession of an unregistered firearm and possession of a firearm by a convicted felon. On November 4, 2019, the case proceeded to trial in Pikeville, Kentucky. The United States and the Defendant presented witnesses, gave closing arguments, and the matter was submitted to the jury. Soon thereafter, the jury began sending notes to the undersigned regarding their deliberations. In direct contravention of the jury instructions given, the jurors disclosed where they stood on votes for conviction and acquittal. The Court placed the jurors' note under seal and did not disclose the information to the parties. Following, the jury indicated to the Court that it was deadlocked. The Court issued an *Allen* charge and instructed the jury to continue their deliberations. Defense

1

counsel then moved for a mistrial, which was denied without prejudice by the Court. At the jury's request, they were released to return the following morning.

On November 5, 2019, the jury reassembled and continued their deliberations. Immediately thereafter, the Court received further notes regarding witness testimony. The Court then received a note from a juror stating that he or she had contacted an outside party regarding the case—also in direct contravention of the jury instructions given. The Court disclosed the note to the parties, and the Defendant renewed his motion for mistrial based on the outside information being discussed in jury deliberations. Based on the totality of the circumstances, the Court found the jury was deadlocked and granted the renewed motion for mistrial. (*See* DE 66.)

The Court scheduled a new trial for December 17, 2019. During voir dire, it was brought to the attention of the presiding judge, the Honorable Amul R. Thapar, that a juror was openly making inappropriate comments in the jury room. Some jurors were questioned regarding the comments, and it soon became clear that a juror had looked up extraneous information on the case, including information regarding the specifics of the Defendant's criminal history. Due to the prejudicial nature of the misconduct overheard by several members of the jury pool, the Defendant moved for a mistrial, which was granted by the Court.

The Court scheduled a new trial for February 13, 2020, and the Defendant filed the present motion to dismiss. Defendant asserts that the case should be dismissed because the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution should present a bar to retrial in instances of repeated juror misconduct. (DE 91 at 6.)

The Court finds that the Double Jeopardy Clause of the Fifth Amendment does not present a bar to retrial in instances of repeated jury misconduct. Accordingly, the Defendant's motion is denied.

## II. ANALYSIS

The law simply does not support the relief sought by the Defendant. The Double Jeopardy Clause of the Fifth Amendment serves to protect a criminal defendant from repeated prosecutions for the same offense. *United States v. Dinitz*, 424 U.S. 600, 606 (1976).[1] "As part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" *Oregon v. Kennedy*, 456 U.S. 667, 671–72 (1982) (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)). "The Double Jeopardy Clause, however, does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." *Id*. at 672. Jeopardy attaches when the original jury panel is seated and sworn. *Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996) (citing *Crist v. Bretz*, 437 U.S. 28, 38 (1978)). "Once jeopardy attaches, prosecution of a defendant before a jury other than the original jury . . . is barred unless (1) there is a 'manifest necessity' for a mistrial or (2) the defendant either requests or consents to a mistrial." *Id.* (citing *Dinitz*, 424 U.S. at 606-07). However, even where the defendant requests or consents to a mistrial, "he may invoke the bar of double jeopardy in a second effort to try him *only if* the conduct giving rise to the successful motion for a mistrial was prosecutorial or judicial conduct *intended* to provoke the defendant into moving for a mistrial." *Kennedy*, 456 U.S. at 667 (emphasis added). The existence of intent is determined based on consideration of "objective facts and circumstances." *United States v. Colvin*, 138 Fed. Appx. 816, 820 (6th Cir. 2005) (citing *id.* at 675). It is not necessary that the misconduct have the specific purpose of provoking the defendant's request for a mistrial, but it must be misconduct intended to undermine the integrity of the proceedings, thereby prejudicing the defendant. *See United States v. Enoch*,

---

[1] The Double Jeopardy Clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 (1969).

650 F.2d 115, 117 (6th Cir. 1981). "Where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution." *United States v. Jorn*, 400 U.S. 470, 485 (1971) (plurality opinion).

In the present case, there were two mistrials declared by the Court. In the first mistrial, there was both a clear manifest necessity for the mistrial and a request for the mistrial by the Defendant. The second mistrial was also requested by the Defendant.[2] Additionally, both the first and second mistrials did not involve prosecutorial or judicial misconduct, and they were not the result of conduct intended to provoke the defendant into moving for a mistrial.

"A deadlocked jury 'has long been considered the classic basis establishing manifest necessity' justifying a mistrial." *United States v. Capozzi*, 723 F.3d 720, 727 (6th Cir. 2013) (quoting *Blueford v. Arkansas*, 566 U.S. 599, 609 (2012)); *see also Kennedy*, 456 U.S. at 672 ("[T]he hung jury remains the prototypical example" of manifest necessity.). Here, the Court granted the Defendant's motion for mistrial based on its finding that the jury was deadlocked. (*See* DE 66.) The jurors in the first trial had sent back multiple juror notes indicating where they stood on votes for acquittal and conviction. Additionally, the jurors stated in open Court that they were deadlocked. At that time, the Court issued an *Allen* charge and instructed the jury to continue their deliberations. Defense counsel then moved for a mistrial, which was denied without prejudice by the Court. The following day, the Court received more notes from the jurors regarding their deliberations. One of those notes stated that a juror had

---

[2] It is not entirely clear whether jeopardy attached in the second trial because jury selection was not complete at the time the mistrial was declared. *See Crist*, 437 U.S. at 38 (stating that jeopardy attaches when the original jury panel is seated and sworn). *But see Watkins*, 90 F.3d 138, 141 (6th Cir. 1996) (characterizing an incomplete trial "as a mistrial for purposes of analyzing the double jeopardy question"). The Court, however, performs the analysis regarding whether reprosecution is barred as if jeopardy had attached in the second trial.

4

contacted an outside party regarding the case. After disclosing the note to the parties, the Defendant renewed his motion for mistrial based on the outside information being discussed in jury deliberations. Based on the totality of the circumstances, the Court found the jury was deadlocked and granted the renewed motion for mistrial. Because the Court found that the jury was deadlocked in granting the renewed motion for mistrial, the Court finds that there was a manifest necessity justifying the first mistrial. Accordingly, the Double Jeopardy Clause does not bar reprosecution.

Even if there was not a manifest necessity justifying the first mistrial, the Double Jeopardy Clause does not bar reprosecution because the Defendant moved for the mistrial and there was no prosecutorial or judicial misconduct intended to provoke the Defendant into moving for a mistrial. The same is true for the second mistrial. Although the Defendant concedes that there was no prosecutorial or judicial misconduct prompting either mistrial, he argues that the Double Jeopardy Clause should also bar reprosecution where there are multiple instances of juror misconduct. (DE 91 at 6.) He argues that the concerns articulated in *Green v. United States*, 355 U.S. 184 (1957) are fully implicated where a defendant is required to move for a mistrial based on conduct of parties other than the Defendant. (DE 91 at 5.)

*Green*, in discussing the purposes of the Double Jeopardy Clause, states that "[t]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green*, 355 U.S. at 188. While the Court recognizes the inherent strains of multiple trials, the Defendant has not cited any authority supporting the relief he seeks. Instead, the relevant case law tends to support that the Double Jeopardy Clause does not bar reprosecution here.

5

The Supreme Court has held that where a defendant requests or consents to a mistrial, "he may invoke the bar of double jeopardy in a second effort to try him *only if* the conduct giving rise to the successful motion for a mistrial was prosecutorial or judicial conduct *intended* to provoke the defendant into moving for a mistrial." *Kennedy*, 456 U.S. at 667 (emphasis added). Here, the Defendant moved for both mistrials, and he concedes that there was no prosecutorial or judicial misconduct prompting either mistrial. Moreover, there are simply no facts or circumstances—and Defendant cites to no facts or circumstances—indicating that the jurors' actions were intended to provoke the Defendant into moving for either mistrial. *See id.* at 675 (The existence of intent is determined based on consideration of "objective facts and circumstances.") In both instances of juror misconduct, the jurors obtained outside information regarding the case. While such action is clearly in contravention of the rules, there is no evidence to suggest the jurors purposefully intended to undermine the integrity of the proceeding. *See Enoch*, 650 F.2d at 117 (The prosecutorial and judicial misconduct referred to in *Dinitz* and *Jorn* is "misconduct intended to 'undermine the integrity of the … proceeding,' thereby prejudicing the defendant.")

While the Court is sympathetic to Defendant's plight, the relevant law does not support his argument. There was a manifest necessity to declare the first mistrial. Additionally, both mistrials were requested by the Defendant and did not involve prosecutorial or judicial misconduct. Although both mistrials involved misconduct by members of the jury, there is no law to support that juror misconduct presents a bar to retrial under the Double Jeopardy Clause. Additionally, the relevant case law stating that a defendant who moves for a mistrial may invoke Double Jeopardy where that mistrial was prompted by prosecutorial and judicial misconduct requires an intention to provoke the defendant into moving for the mistrial. Here, there are no facts or circumstances supporting that the jurors' actions were intended to provoke the Defendant into moving for either mistrial. Accordingly, the Court finds that

the Double Jeopardy Clause of the Fifth Amendment does not bar retrial of the Defendant. As such, his motion to dismiss the second superseding indictment is denied.

## III. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the Defendant's motion to dismiss (DE 91) is **DENIED**.

Dated February 6, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY