UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CRIMINAL NO. 7:19-CR-05-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **RICHARD L. STARGHILL, II,** aka Richard Starghill | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. (DE 113.) For the reasons stated below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Defendant was charged with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (DE 42.) Defendant was first brought to trial on November 4, 2019 in Pikeville Kentucky. The same day, after the United States and the Defendant presented witnesses and gave closing arguments, the matter was submitted to the jury. (DE 65.) Soon thereafter, the jury began sending notes to the undersigned regarding their deliberations. In direct contravention of the jury instructions given, the jurors disclosed where they stood on votes for conviction and acquittal. Following, the jury indicated to the Court that it was

1

deadlocked. The Court issued an *Allen* charge and instructed the jury to continue their deliberations. Defense counsel then moved for a mistrial, which was denied without prejudice by the Court. At the jury's request, they were released to return the following morning. On November 5, 2019, the jury reassembled, and the Court received a note from a juror stating that he or she had contacted an outside party regarding the case—also in direct contravention of the jury instructions given. The Court disclosed the note to the parties, and the Defendant renewed his motion for mistrial. Based on the totality of the circumstances, the Court found that the jury was deadlocked and granted the renewed motion for mistrial. (*See* DE 66.)

The Court scheduled a new trial for December 17, 2019. During voir dire at the second trial, it was brought to the attention of the presiding judge, the Honorable Amul R. Thapar, that a juror was openly making inappropriate comments in the jury room. Some jurors were questioned regarding the comments, and it soon became clear that a juror had looked up extraneous information on the case, including information regarding the specifics of the Defendant's criminal history. Due to the prejudicial nature of the misconduct overheard by several members of the jury pool, the Defendant moved for a mistrial, which was granted by the Court. (DE 88.) The Court scheduled a new trial for February 13, 2020.

On February 13, 2020, Defendant was convicted by jury trial of possession of an unregistered firearm and possession of a firearm by a convicted felon. (DE 106.) The government presented testimony from two witnesses, Troopers Bradley Hamilton and Jarrett Fields. Defendant also presented testimony from two witnesses, Ronnie Mullins and Rebecca Hopkins. After the evidence concluded and closing arguments were given, the jury retired for three hours of deliberations before returning a verdict of guilty on all counts.

Defendant filed a motion for a judgment of acquittal asserting that the evidence of record presented at the February 13, 2020 trial was insufficient for any rational trier of fact to have found the Defendant guilty beyond a reasonable doubt. (DE 113.) The Court finds below

that the judgment against the Defendant was supported by evidence sufficient for a rational trier of fact to have found the Defendant guilty beyond a reasonable doubt. Accordingly, Defendant's motion for a judgment of acquittal is denied.

## II. ANALYSIS

A judgment of acquittal under Federal Rule of Criminal Procedure 29 is only appropriate where the evidence presented at trial was insufficient to sustain the conviction. *United States v. Cox*, 593 F.2d 46, 48 (6th Cir. 1979) ("A motion for acquittal pursuant to Rule 29, Fed. Crim. P., takes the place of a motion for directed verdict and raises the question of whether the evidence is sufficient to support a verdict."). The Court "may 'reverse a judgment for insufficiency of evidence only if th[e] judgment is not supported by substantial and competent evidence upon the record as a whole.'" *United States v. Chaney*, 211 F. Supp. 3d 960, 966 (E.D. Ky. 2016) (quoting *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002)). Substantial evidence is evidence that a "reasonable mind might accept to support a conclusion." *Id.* (internal quotation marks omitted). In determining whether the evidence was insufficient to sustain a conviction, a court cannot weigh evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* at 967. "The Court thus will uphold a jury verdict 'if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *accord United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016).

Viewing the evidence in the light most favorable to the prosecution, the Court finds that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. At the trial, the government produced two witnesses—Trooper Hamilton

and Trooper Fields—and three exhibits. (DE 103.) Hamilton testified that he responded to a 911 call at Ronnie Mullin's residence. Mullins told police that guests were causing damage to his residence and that the Defendant was refusing to leave. Hamilton testified that upon arrival, he entered the residence and walked into a bedroom to the side of the front door. He stated that he saw the Defendant lying on a bed with a revolver cradled in his arm and a sawed-off shotgun underneath his shoulder. Hamilton identified the Defendant at trial and stated that the revolver and sawed-off shotgun entered as exhibits were the same weapons that were seized from the Defendant on the day of his arrest. (*See* DE 113 and 114.[1])

Trooper Fields testified that he also responded to Mullin's residence after the 911 call. He testified that he entered the residence with Hamilton and observed Hamilton enter the bedroom to the side of the front door. Fields stated that he heard Hamilton order the Defendant to stand up and watched Hamilton exit the bedroom with the Defendant. The Troopers then retrieved the weapons from the bedroom. Fields also identified the Defendant at trial and stated that the revolver and sawed-off shotgun entered as exhibits were the same weapons that were seized from the Defendant on the day of his arrest. (*See* DE 113 and 114.)

The foregoing evidence was sufficient for a rational trier of fact to have found the essential elements of the crimes beyond a reasonable doubt. Prior to trial, the parties stipulated to all elements of the crimes charged except for possession. (*See* DE 105 at 14, 16.) Accordingly, the sole issue for the jury to determine was whether the Defendant "possessed" the weapons.

Actual and constructive possession may be proved by direct or circumstantial evidence. *United States v. Bailey*, 553 F.3d 940, 944 (6th Cir. 2009) (quoting *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973)). "A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it." *Id.* (quoting *United States v.*

---

[1] Although there is currently no transcript of the trial filed in the record, the parties generally agree as to the nature of the testimony presented at trial. (*See* DE 113 and 114.)

4

*Frederick*, 406 F.3d 754, 765 (6th Cir. 2005) (internal quotation marks omitted). "The testimony of a single uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Salters v. Burt*, No. 17-2426, 2018 WL 2341746, at *3 (6th Cir. May 23, 2018) (citing *Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985) (internal quotation marks omitted)).

In the present case, the evidence presented amounts to substantial evidence that a "reasonable mind might accept to support a conclusion." *See Chaney*, 211 F. Supp. 3d at 966. Hamilton testified at trial that he saw the Defendant lying in bed with a revolver cradled in his arm and a sawed-off shotgun under his shoulder. Such evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the Defendant had direct, physical control over the weapons and, thus, possessed them. Defendant asserts that the Court should consider the credibility of Trooper Hamilton and that there was some evidence suggesting that other individuals may have owned or possessed the weapons. (*See* DE 113 at 7-8.) Such considerations, however, are not appropriate in determining whether to grant a judgment of acquittal pursuant to Fed. R. Crim. P. 29. *See Chaney*, 211 F. Supp. 3d at 967.

After considering the evidence presented at trial in the light most favorable to the prosecution, the Court finds that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. The only issue for the jury to determine was whether the Defendant possessed the weapons, and the uncontradicted testimony of Hamilton alone was sufficient for a rational jury to determine, beyond a reasonable doubt, that the Defendant possessed the weapons. Accordingly, Defendant's motion for a judgment of acquittal pursuant to Fed. R. Cim. P. 29 is denied.

## III. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that Defendant's motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 (DE 113) is **DENIED**.

Dated June 11, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY