UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RICHARD L. STARGHILL, II,**<br><br>**Defendant.** | NO. 7:19-CR-5-KKC-EBA-1<br><br><br><br>**OPINION AND ORDER** |

*******************

This matter is before the Court on defendant Richard L. Starghill, II's motion to vacate (DE 150) under 28 U.S.C. § 2255.

Defendant Starghill filed a § 2255 petition to assert several claims of ineffective counsel and to vacate his conviction. (DE 170 at 2.) Starghill further asserts claims of prosecutorial misconduct, judicial misconduct, and evidence insufficiency to challenge his conviction. (*Id.*) Magistrate Judge Edward B. Adkins found that Starghill's petition fails because he could not satisfy the elements for his ineffective counsel claims and his other three claims were procedurally barred. (*Id.* at 6-17, 18.) Accordingly, the magistrate judge has recommended that the Court deny Starghill's motion to vacate. Starghill has filed his objections to the recommendation, which the Court will address in turn. (DE 173.)

**I. Analysis**

    **a. Improper Handling of Firearm Evidence in the Courtroom**

Starghill argues that his counsel was ineffective for failing to object to the prosecution "deliberately contaminat[ing]" the firearms central to this case by never putting them in evidence bags and by not using gloves when handling them. (DE 150 at 7.) More specifically, Starghill takes issue with the way that the prosecution handled the firearms during his trial, alleging that the prosecution was "pulling them out of a box not in evidence bags or envelopes, all handling them with no gloves and passing them around." (DE 173 at 1.) He claims that this allowed "exculpatory evidence be destroyed." (*Id.*) He further alleges that the outcome of the trial would have changed if forensic testing had been done because it would show that his fingerprints and DNA were not on the firearms. (*Id.* at 2.)

As discussed in the magistrate judge's recommendation, Starghill fails to explain how this alleged mishandling of the firearms contaminated the evidence because "the main piece of evidence linking Starghill to the firearms at trial was Trooper [Stephen] Hamilton's testimony that he found Starghill near the weapons." (DE 170 at 11.) Starghill has not provided any support for his claim that the prosecution's conduct before or during trial constituted the mishandling of evidence, nor has he provided any support for the outcome of the proceedings being different if his counsel had objected to the prosecution's conduct.

  b.  **Ineffective Cross Examination of Trooper Hamilton**

Starghill argues that his counsel was ineffective for failing to cross examine Trooper Hamilton about "acts or omissions relating to th[e] search and his real motives and why he was only focused on Mr. Starghill . . . ." (DE 173 at 3.) He seemingly wanted his counsel to ask Trooper Hamilton why he allegedly "never took pictures of the guns at the scene [or] process them with gloves on." (*Id.*) The recommendation correctly notes that his counsel did use his opportunity at trial to cross-examine the prosecution's witnesses and attempt to call into question the ownership of the firearms. (DE 170 at 16.) "The mere fact this cross-

2

examination failed to convince the jury is not enough to find counsel's questioning of the witnesses as deficient." (*Id.*) Accordingly, this claim fails.

### c. Reasonable Expectation of Privacy in Mullins's Home

Starghill again claims that he was unlawfully arrested because he has a reasonable expectation of privacy in Ronnie Mullins's home. (DE 173 at 3.) He alleges that Trooper Hamilton violated his expectation of privacy because there were no exigent circumstances, there was no consent to search the home, and the plain view doctrine did not apply to the case. (*Id.*) The magistrate judge's analysis of these Fourth Amendment protections is apt. Indeed, while Starghill may have been an overnight guest at Mullins's home, "one's status as an overnight guest is not enough on its own to create a reasonable expectation of privacy." (DE 170 at 7.) "This legitimate expectation of privacy exists only if 'the defendant exhibited an actual subjective expectation of privacy' and 'the defendant's subjective expectation of privacy is one that society is prepared to recognize as reasonable.'" *United States v. Jenkins*, 743 F. App'x 636, 647 (6th Cir. 2018) (quoting *United States v. Gillis*, 358 F.3d 386, 391 (6th Cir. 2004). Further, a warrantless entry is valid "when based upon the consent of a third party whom the police, at the time of the entry, reasonably believe to possess common authority over the premises . . . ." *Illinois v. Rodriquez*, 497 U.S. 177, 177 (1990).

Trooper Hamilton testified that he responded to Mullins's 911 call, which claimed that guests were tearing up the inside of his residence and that Starghill was refusing to leave. (DE 78 at 3.) When Trooper Hamilton arrived at the home, Mullins, the homeowner, gave his consent for Trooper Hamilton to enter his home—presumably, to deal with the very reason why Mullins called the police in the first place. (DE 170 at 7.) It is true that "an overnight guest in a home *may* claim the protection of the Fourth Amendment," *Minnesota v. Carter*, 525 U.S. 83, 90 (1998) (emphasis added), but, at the time Trooper Hamilton arrived at Mullins's home, Starghill was no longer an overnight guest. He had stayed the night, but

that permission—and his status as overnight guest—had expired the following day when Mullins asked Starghill to leave. The Court finds it doubtful that "society is prepared to recognize as reasonable" Starghill's subjective expectation of privacy when he refused to leave Mullins's home after being explicitly told to. Just because Starghill *had* stayed the night did not grant him a reasonable expectation of privacy in the bedroom in perpetuum. Accordingly, Starghill was not protected by the Fourth Amendment under these circumstances.

### d. Constitutionality of 18 U.S.C. § 922(g)(1)

Starghill argues, for the first time in these proceedings, that his indictment of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) is invalid because it fails under an as-applied Second Amendment challenge. The Court is keenly aware of the wave of motions seeking to challenge firearm regulations in the wake of the Supreme Court's June 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*. 142 S. Ct. 2111 (2022). Many convicted felons seek to challenge statutes such as § 922(g)(1) as unconstitutional for being inconsistent with the country's historical tradition of firearm regulation. That is their right. Nevertheless, nowhere in Starghill's motion to vacate, which was filed after the *Bruen* decision came down, did he bring this as-applied challenge. His objections to the magistrate judge's recommendation are not the proper venue to bring this new challenge.

However, even if the Court were to consider Starghill's as-applied challenge, it would still fail. Judge Gregory F. Van Tatenhove extensively analyzed this issue in *United States v. Goins*, No. 5:22-CR-91-GFVT-MAS-1, 2022 WL 17836677 (E.D. Ky. Dec. 21, 2022). The Court agrees with that analysis and, if it considered Starghill's argument, would find § 922(g)(1)

4

not unconstitutional as applied to Starghill because his criminal history included felonies violent in nature and serious and direct threats to public safety.[1]

### e.     Allegations of Racial Animus and False Arrest History

Finally, Starghill focuses heavily on the alleged racial animus and "false arrest history" that he experienced at the hands of Task Force Officer Zack Bryson and Trooper Hamilton. He claims that his counsel was ineffective for failing to obtain exculpatory evidence regarding this racial animus against him and his associates. As the magistrate judge's recommendation notes, Starghill has provided "little proof" of the false arrest history and alleged racial animus. (DE 170 at 5.) There was also "no good faith basis or strategic reason" to call TFO Bryson to testify because he was not involved in the instant offense, excluding his testimony at a preliminary hearing establishing his lack of involvement. "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (internal citations omitted).

The Court acknowledges the instances that were described and attached to Starghill's objections to the recommendation. (DE 173 at 8-12.) Nevertheless, even if the Court accepted those described instances as true, Starghill has failed to explain how those instances are relevant to the instant criminal offense. A police officer needs probable cause to make an arrest. *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005). Probable cause to make an arrest exists where the "facts and circumstances within the officer's knowledge [] are

---

[1] These prior felonies include: (1) trafficking in a controlled substance in the first degree; (2) trafficking in a controlled substance in the second degree; and (2) assault in the second degree. (DE 1-1 at 3.)

5

sufficient to warrant a prudent person . . . in believing . . . that the suspect committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

Here, Trooper Hamilton had probable cause to arrest Starghill. Trooper Hamilton responded to Mullins's 911 call about property damage and Starghill refusing to leave his home. "When the police arrived, [Trooper Hamilton] found Starghill in a bedroom with a handgun 'cradled in the bend of his arm.' Trooper Hamilton also observed a sawed-off shotgun 'laying underneath [Starghill's] left shoulder." *United States v. Starghill*, No. 20-5706, 2021 WL 3140316, at *1 (6th Cir. July 26, 2021). It is undisputed that the pistol and shotgun were in the same room as Starghill; at trial, Starghill argued that he did not own the firearms and thus did not possess them for the purposes of § 922(g)(1). (DE 170 at 12 ("[Starghill's] counsel did use his opportunity at trial to cross-examine these witnesses and try to call into question the ownership of the weapons.").) Trooper Hamilton was aware of Starghill's prior felony convictions when he responded to Mullins's 911 call. That knowledge, combined with his discovery of the two firearms within arm's reach of Starghill, created probable cause to warrant a prudent person in believing an offense had been committed. Accordingly, Starghill's counsel was not ineffective for failing to investigate the alleged false arrest history and racial animus because he has not shown how it would be relevant to the instant offense or admissible at trial.

## II.     Conclusion

Having reviewed the magistrate judge's recommendation and agreeing with its analysis, the Court hereby ORDERS as follows:

1) The Report and Recommendation (DE 170) is ADOPTED as the Court's opinion;

2) Starghill's motion to vacate (DE 150) under 28 U.S.C. § 2255 is DENIED;

3) A Certificate of Appealability will not be issued, Starghill having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

4) A judgment consistent with this order and the Report and Recommendation will be entered.

This 8th day of November, 2023.

*Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY